1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   VICKIE M.,[1]                          Case No. 2:19-cv-01740-GJS

12            Plaintiff

13      v.                                  **MEMORANDUM OPINION AND
                                            ORDER**
14   ANDREW M. SAUL, Commissioner
     of Social Security,[2]
15
              Defendant.
16

17              **I.    PROCEDURAL HISTORY**

18         Plaintiff Vicki M. ("Plaintiff") filed a complaint seeking review of the

19   decision of the Commissioner of Social Security denying her applications for

20   Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

21   Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the

22   undersigned United States Magistrate Judge and filed briefs addressing the disputed

23   issues in this case.  [Dkt. 21 ("Pl. Br."), Dkt. 28 ("Def. Br.").]  The Court has taken

24   the parties' briefing under submission without oral argument.  For the reasons set

25   ──────────────

26   [1]      In the interest of privacy, this Order uses only the first name and the initial of
     the last name of the non-governmental party in this case.
27
28   [2]      Andrew M. Saul, now Commissioner of the Social Security Administration, is
     substituted as defendant for Nancy A. Berryhill.  *See* Fed. R. Civ. P. 25(d).

forth below, the Court affirms the decision of the ALJ and orders that judgment be entered accordingly.

## II.    ADMINISTRATIVE DECISION UNDER REVIEW

On April 23, 2015, Plaintiff filed applications for DIB and SSI, alleging disability beginning on October 10, 2011.  [AR 137-39.]  The claims were initially denied on October 30, 2015.  [AR 77-82.]  An ALJ conducted a hearing on September 13, 2017, and, on January 26, 2018, published an unfavorable decision. [AR 29-54, 15-28.]  The Appeals Counsel denied review on January 9, 2019.  [AR 2-9.]  This action followed.

The parties are well acquainted with the ALJ's decision, the majority of which need not be detailed here given the narrow issue presented to the Court. Plaintiff's sole contention on appeal to this Court is that the ALJ improperly excluded significant evidence for violation of the five-day rule, and that the case should be remanded for consideration of this "supplemental" evidence.  The relevant timeline of events, a short description of the evidence and ALJ's decision follow:

Plaintiff retained the counsel who represented her below, the Law Offices of William Latour[3], in 2015.  [AR 19, 83-84.]  Counsel below filed her claims for DIB and SSI soon thereafter.  On June 16, 2017 (nearly two years after the claims were filed) the Commissioner set a hearing, scheduled for September 13, 2017.  Only after the hearing was scheduled did counsel in the administrative proceedings make his first informal request for the bulk of Plaintiff's medical records, some of which dated back to 2000.  According to counsel, he made made several informal requests to no avail.  [AR 180.]

_____

[3] Mr. Latour and Mr. Friedman (who represented Plaintiff at the administrative hearing) will be referred to as "counsel below" or "counsel in the administrative proceedings."  The Court notes that counsel appearing in this District Court proceeding is not with the Latour firm, and has timely filed all required documents in this case.

Nearly two months later – and only weeks before the scheduled hearing – counsel below requested that the ALJ issue a subpoena for medical records. Two days before the scheduled hearing, counsel received what is essentially Plaintiff's entire set of medical records – approximately 3000 pages – from separate counsel working on Plaintiff's worker's compensation claim.[4]

There is no evidence that counsel below ever requested a continuance of the hearing, nor did counsel argue at the hearing that any further proceedings were necessary before adjudication of Plaintiff's claim. [See generally AR 29-54.]

Prior counsel gave the ALJ notice of the receipt of the records at the hearing. The ALJ responded as follows:

> I'm sorry, that's too late. I can't admit those. We have almost three months of prior notice were given and there's no reason. The request for subpoena was fairly tardy. It was too late to issue a subpoena in any event. But, your firm often does that. And, it wasn't appropriate. Let me just see how many pages here. SO, in contravention of the Regulations, I can't admit them at this late date. We have the Regulations for a reason and I haven't looked at the records, nor has the doctor had a chance to look at the records. So, that's a real problem.

> It may help fill the gap, but the problem with the medical record at present is that we got records that end in September of 2015. And then, we've got this orthopedic evaluation this year. And, that's about what we have to rely on. So, they are somewhat scattered. I don't know what else to say. I wasn't notified they had been received. They came in two days ago.

[AR 32.] Counsel below agreed: "Yes." And the ALJ concluded, "I can't admit those." [*Id.*]

The ALJ, in her opinion addressed the late evidence as follows:

> The claimant submitted or informed the Administrative Law Judge about additional written evidence less than five business days

---

[4] Plaintiff's present counsel has provided a detailed analysis of these voluminous medical records to demonstrate their materiality to any determination of whether Plaintiff is disabled or not. [Pl. Br. at 4-9.] The Commissioner does not respond to this analysis or attempt to characterize the medical evidence. Nor should he, given that neither the ALJ nor the Appeals Counsel has reviewed them. But for purposes of this opinion, the Court assumes that the records are relevant and material – likely a good assumption given their volume, the time period they cover, and that several physician's treatment notes and opinions are contained therein.

before the scheduled hearing date. The undersigned Administrative Law Judge declines to admit this evidence because the requirements of 20 CFR 404.935(b) and 416.1435(b) are not met. Counsel sought to admit in excess of 3,000 pages of medical records related to the claimant's still pending workers' compensation claim. However, he did not inform the ALJ at least five days before this hearing that he had additional records to submit. By letter on August 23, 2017, counsel had requested that the ALJ issue a subpoena duces tecum to secure these records. Counsel was or should have been aware that this did not allow sufficient time to obtain the records, let alone for their review by herself or the medical expert of whom counsel had notice. Further, counsel's firm has represented the claimant since November 2015. It acknowledges that it did not first request records (which date back to 2000) until June 26, 2017, which was after the Notice of Hearing was issued. In sum, counsel had sufficient time to obtain the records and knew or should have known that its request for subpoena would not be [sic] result in a timely receipt of the requested records.

[AR 18-19.]

Finally, Plaintiff's prior counsel did not try to submit the evidence to the Appeals Counsel, and there is no explanation or argument related to this failure in Plaintiff's papers.

## III.    GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he

4

did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

A C.F.R. that was adopted and went into effect before the hearing notice in this case issued is relevant to the specific issue raised here. On December 16, 2016, the Social Security Administration adopted 20 C.F.R. § 416.1435(b), which went into effect on January 17, 2017. The Commissioner required compliance starting on May 1, 2017. 20 C.F.R. § 416.1435(b). The Social Security Administration publishes a guideline for ALJs in conducting hearings, known as the Hearings, Appeals, and Litigation Law Manual ("HALLEX"). This guideline instructs that "[s]ubject to 20 C.F.R. § 404.935(b) and § 416.1435(b), an ALJ may admit additional evidence into the record" even "after the hearing" in appropriate circumstances. HALLEX I-2-6-59, ADMITTING EVIDENCE SUBMITTED LESS THAN FIVE BUSINESS DAYS BEFORE THE HEARING OR AT OR AFTER THE HEARING, 2017 WL 1632957, at *1 (May 1, 2017). It further directs that an ALJ will follow certain instructions to consider whether to admit untimely evidence. *Id.* These instructions include determining whether the circumstances of §§ 404.935(b) or 416.1435(b) apply, and that the ALJ will find those circumstances apply when, among other things, "[t]he claimant, or appointed representative, actively and diligently sought evidence from a source and the evidence was not received or was received less than five business days prior to the hearing." *Id.*

The relevant portion of the regulation cited in the HALLEX provides:

(a) Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence ... no later than five business days before the date of the scheduled hearing.

5

If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

(b) If you have evidence … but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:

* * *

(3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:

* * *

(iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

20 C.F.R. § 404.935.

## IV.    DISCUSSION

Appealing the Commissioner's decision to deny her application for benefits, Plaintiff argues the ALJ erred in excluding the 3000 plus pages of worker's compensation medical records described above. Plaintiff presents two arguments for remand, discussed below.

First, Plaintiff contends that the ALJ had sufficient notice of the evidence because she "knew that counsel was struggling to get the record 20 days before the September 13, 2017, hearing" because counsel requested the issuance of a subpoena. [Pl. Br. at 10.] The cover letter to the ALJ requesting the subpoena stated that the records were "expected" to contain a generic laundry list of information. [AR 180-81.] There was no indication of what specifically or how much information would

be obtained.  Plaintiff apparently argues that the subpoena request constituted the required notice (taking the issue outside the five day rule) or, alternatively, demonstrated diligence in seeking the records that were eventually obtained.

The Ninth Circuit has not addressed application of the five day rule, but there are a few recent cases from within the Circuit dealing with the propriety of exclusion of late-presented evidence.  One such case is *Christi L. v. Comm'r of Social Sec.*, 2020 WL 733845, Case No. 3:19-cv-00185-MK (D. Or. Feb. 13, 2020). In *Christi L.*, the plaintiff challenged the ALJ's exclusion of two questionnaires from evidence based on the five-day rule.  *Id.* at *2.  Plaintiff's counsel had sent the questionnaires to mental health professionals who had counseled the plaintiff. Plaintiff's counsel informed the ALJ about the two questionnaires ten days before the hearing, but they were signed and submitted less than five days before the hearing.  The ALJ declined to admit them, reasoning that "the evidence does not exist until it is signed."  *Id.* at *3.  The ALJ further found that the requirements of the rule, in the *Christi L.* case, chiefly that the evidence should be admitted if counsel was diligent in obtaining the evidence were not met.  *Id.*  The District Court remanded the case for further administrative proceedings, finding first that (1) there was no "signature requirement" for the questionnaires to qualify as "evidence," and therefore (2) counsel had complied with the five day rule by informing the ALJ about the evidence – two specifically identified (and not voluminous) questionnaires – more than five days before the hearing.  The District Court held that it did not need to reach the question of diligence because the rule had not been violated.  *Id.* at 3.

The situation at bar differs significantly from that in *Christi L.*  Counsel in *Christi L.* gave specific notice of identified, material documents more than five days before the hearing.  Here, Plaintiff relies on a subpoena request for an unidentified and unknown quantity of records covering *years* of treatment as constituting notice of anticipated late evidence.  While this may constitute notice that counsel was still

seeking something – *i.e.,* was in the process of gathering information – the Court finds that it does not qualify as the notice required by the C.F.R. To decide otherwise would eviscerate the rule, as any subpoena request or letter stating the counsel was still seeking documents would qualify, allowing a plaintiff to submit any amount of any type of evidence whenever it was finally obtained.

The court in *Becky B. v. Saul*, 2020 WL 1244865, Case No. 6:19-cv-330-SI (D. Or., Mar. 16, 2020), addressed the diligence aspect of Plaintiff's argument. In *Becky B.*, plaintiff's counsel sought an opinion from one of plaintiff's treating physicians. Counsel provided the form to the doctor four months in advance of the hearing, and then continued to follow up with the doctor. Despite his efforts, the opinion was obtained in violation of the five-day period. The reviewing district court held that counsel had not been dilatory in his months-long attempts to get the doctor to offer an opinion. The fact that it was a single opinion that counsel tried repeatedly to obtain demonstrated the required diligence: "Plaintiff's counsel submitted Dr. Telew's report to the ALJ immediately upon receipt, only one day after the administrative hearing, and four months before the before the ALJ issued his decision. . . . Plaintiff's counsel diligently sought Dr. Telew's report, satisfying the good cause exception to the five day rule." *Id.* at *6. Moreover, in that case, the ALJ had made the opinion part of the record, but refused to consider it even while relying on the doctor's underlying notes to support a finding of non-disability. Counsel clearly had already obtained the doctor's underlying notes and records, on which the ALJ relied.

Here, unlike in *Becky B.*, counsel below appears to have ignored his client's case almost completely for nearly two years, only seeking a large mass of documents after the hearing before the ALJ was scheduled. Counsel below was seeking, for the most part, old records (the type which *were* before the ALJ in *Becky B.*) – not a new opinion – that could easily have been obtained if he requested them and/or sought a subpoena earlier. The fact that counsel below waited until just a few

weeks before the hearing to request a subpoena is fatal to Plaintiff's diligence argument.

Plaintiff's second argument is that the 3000 pages of records constitutes "new and material evidence" that should be considered. [Pl.'s Br. at 11.] As stated above, there is nothing "new" about the evidence counsel below tried to dump on the ALJ at the hearing. And, importantly, Plaintiff did not attempt to present this evidence to the Appeals Council before bringing her case to this Court. *Lena J. v. Comm'r of Soc. Sec.*, 2019 WL 3291039, Case No. C18-6007-RBL-BAT (W.D. Wash. July 1, 2019) is instructive on this front. In *Lena*, the ALJ refused to consider a single physician's report. The report was submitted a week after the physician examined the plaintiff, but only two days before the scheduled hearing. The ALJ found that the requirements of 20 C.F.R. §§ 404.953(b) and 416.935(b) were not met. *Id.* at *2. Lena presented the excluded evidence to the Appeals Council, which made inconsistent statements. The Appeals Council stated that the "[physician's] report 'does not show a reasonable probability that it would change the outcome of the decision." *Id.* But the Appeals Council also stated that it "did not consider the exhibit and this evidence." *Id.* On review, the District Court noted that the statements were "mutually exclusive and cannot both be true," and went on to find that "the Appeals Council considered the report and it is therefore part of the record," that the district court had to consider. After consideration of the evidence, the court held that it was material and left the ALJ's opinion unsupported by substantial evidence, so that remand was appropriate. *Id.* at *3. For reasons unknown to the Court, counsel below seems to have eschewed this potential avenue to have the evidence considered. Whether the Appeals Council would have considered it or not is a matter of speculation, but it again demonstrates a lack of diligence with respect to the 3000 pages of evidence.

///

///

# V.    CONCLUSION

It is the burden of a claimant seeking DIB and SSI to present evidence of disability.  Although the Regulations are not intended to exclude relevant evidence – notably, the five day rule requires consideration of late evidence if any of a number of factors exist – they must (and do) provide some limits on what ALJ's are required to consider.  Here, voluminous records were presented to the ALJ without notice, and Plaintiff has failed to show the diligence required to overcome this tardiness. For these and the additional foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED:  April 6, 2020

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE